UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH L. D'ALESSANDRO, III,

        Plaintiff,

v.                                                    Case No. 3:22-cv-806-BJD-MCR

WARDEN CHRISTOPHER LANE,
et al.,

        Defendants.
_____

## ORDER

      Plaintiff, Joseph L. D'Alessandro, III, an inmate of the Florida penal system, initiated this action *pro se* by filing a Civil Rights Complaint (Doc. 1; Compl.) under 42 U.S.C. § 1983. In apparent recognition that he is a three-strikes litigant, *see* 28 U.S.C. § 1915(g), Plaintiff paid the filing fee in full. Even though Plaintiff is not proceeding as a pauper, the Court has an obligation to screen his complaint since he is a prisoner seeking "redress from a governmental entity or officer." *See* 28 U.S.C. § 1915A(a)-(b).

      Plaintiff names as Defendants the warden of Florida State Prison (FSP), Christopher Lane, and six John/Jane Does. *See* Compl. at 2-4. Plaintiff asserts Defendant Jane Doe ordered a cell extraction team to remove him from a decontamination cell even though he had already submitted to handcuffs. *Id.* at 6. Plaintiff alleges the 5-man cell extraction team "beat [him] bloody" by

slamming his head into a wall and punching his "head and face over 30 times," while the Jane Doe Defendant did nothing to intervene. *Id.* Plaintiff alleges he sustained injuries to his ears and face, including possible hearing loss in one ear. *Id.* As relief, Plaintiff seeks compensatory and punitive damages. *Id.*

The Prison Litigation Reform Act (PLRA) requires a district court to "dismiss [a] complaint, or any portion of [a] complaint, if [it] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b) (internal punctuation and numbering omitted). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all

2

the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. A claim under § 1983 may not be premised on a theory of vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior.").

A claim against a supervisor may proceed only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Id.* A causal connection can be established when a supervisor knows a subordinate will act unlawfully or adopts a policy that

results in deliberate indifference to an inmate's constitutional rights. *Id. See also Cottone*, 326 F.3d at 1360. Inadequate training can be considered a "policy." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). But when a plaintiff relies on a failure-to-train theory against a supervisory official, he must allege facts showing a need for training was "'so obvious' that [the supervisor's] failure to train officers . . . [amounts to] deliberate indifference." *Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021) (quoting *Harris*, 489 U.S. at 390). For liability to attach, a supervisor must have notice of a need to train in a certain area but make a deliberate choice not to act. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). For instance, a "history of widespread prior abuse … [can] put the [supervisor] on notice of the need for improved training or supervision." *Id.* (first alteration in original)).

Plaintiff does not allege the warden participated in the assault that is the basis of his complaint. *See* Compl. at 6. In section II of the complaint form, which asks prisoners to identify the constitutional rights defendants allegedly violated, Plaintiff asserts his Eighth Amendment rights were violated by "[officials] failing to adequately train officers in the proper techniques of the use of force used upon Plaintiff." *Id.* at 3. Despite Plaintiff not explicitly referencing the warden here, liberally construing the Plaintiff's complaint, the

4

Court will construe this sentence as an indication of Plaintiff's purported theory of recovery against the warden.

Plaintiff's conclusory assertion that the warden failed to adequately train officers is insufficient for him to proceed against the warden. This allegation amounts to no more than a "formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 678. More than conclusory and vague allegations are required to state a cause of action under § 1983 because, "[e]ven under the so-called notice rules of pleading, a complaint must . . . [provide] sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Plaintiff includes no facts showing "some legal basis for recovery" against the warden. *See id.* For instance, he does not allege the warden knew of a need to train officers in using force but made a deliberate choice not to take any action, nor does he allege there was a history of widespread abuse sufficient to put the warden on notice of the need for improved training in use-of-force situations. *See Gold*, 151 F.3d at 1350. In fact, he alleges no prior incident in which an inmate's rights were violated in a manner similar to his own. *See* Compl. at 3, 6.

Because Plaintiff fails to state a plausible claim against the warden, this Defendant will be dismissed. Plaintiff may proceed on his Eighth Amendment claims against the "Doe" Defendants, but he must *identify* and serve them. Because Plaintiff paid the full filing fee and is not proceeding as a pauper, he is responsible for service of process. Rule 4(m) of the Federal Rules of Civil Procedure states:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. …

The Court's "Guide for Proceeding Without a Lawyer" explains the service of process requirement:

> Service of process is the procedure used to notify a defendant of the lawsuit. Because it is fair and important for someone to have an opportunity to respond to allegations and defend against claims, service is required by law, is exacting, and must be done in one of several specific ways. If service is not done according to the law, the court may dismiss your complaint. Rule 4 of the Federal Rules of Civil Procedure states the requirements for service. (Note that Rule 4 includes special requirements for service when suing the United States, one of its agencies, or one of its employees.)
>
> If you are the one suing, you must fill out summons forms (one for each defendant) and present them to the

clerk's office, where a clerk will sign them and stamp them with the court's seal. From there, you will need a copy of each official summons (the one with the clerk's signature and seal) and a copy of the complaint and any of its attachments (one copy for each defendant). … [T]o serve a defendant with a complaint:

**Personal Service.** You can tell someone else to personally deliver or serve the copies. The server must be older than 18 and may not be a party in the case. The server must then complete and sign the back of the original summons form and return it to you so you can file it with the court. That is called the return of service. It is proof to the court that the defendant knows about the case.

**Waiver of Service**. A defendant may waive service, which means the defendant agrees to respond to the complaint even though you did not personally serve the defendant with the complaint and summons. . . .

Once you have completed [the waiver-of-service] forms, you can mail them to each defendant with a copy of the complaint and any of its attachments. If the defendant completes the form and either you or the defendant returns it to the court, you do not have to complete personal service of process.

Plaintiff's complaint was docketed on July 26, 2022.[1] Therefore, under Rule 4(m), Defendants are to be served or waive service of process by October 24, 2022. Given 55 days have passed from the time Plaintiff's complaint was

---

[1] Plaintiff is a prisoner. Thus, his complaint is deemed filed on the day he mailed it to the Court. However, neither his complaint nor the mailing envelope has a stamp indicating the date the complaint was mailed.

7

docketed, the Court *sua sponte* will give Plaintiff 90 days from the date of this Order to effectuate service of process. Thus, he must serve Defendants or obtain waivers of service by **Monday, December 19, 2022**.

A process server cannot serve a person identified merely as John or Jane Doe. Thus, Plaintiff must try to learn the names of the officers involved in the incident that is the basis of his complaint, or he must describe them with such particularity that they can be served. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff failed to identify or describe the individual "guard" allegedly involved); *Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . is insufficient to sustain a cause of action.").

Accordingly, it is

**ORDERED:**

1. Plaintiff's claim against Warden Christopher Lane is **dismissed without prejudice** for Plaintiff's failure to state a plausible claim against this Defendant.

2. The Court directs the **Clerk** to terminate Warden Christopher Lane as a party to this action.

3. Plaintiff's request for information about service of process (Doc. 3) is **GRANTED** to the extent the Court advises Plaintiff he is responsible for

serving Defendants as explained in this Order and *sua sponte* extending the time for him to do so. The Court reminds Plaintiff that "[e]ach document filed must be in the form of a pleading, motion, response, or notice." *See* Notice to Pro Se Litigant (Doc. 2). A request for relief shall not be made by letter. Future filings that do not comply with the rules may be stricken or denied.

4. The **Clerk** shall send to Plaintiff a notice of a lawsuit and request to waive service of a summons form (AO 398), a waiver of the service of summons form (AO 399), and a blank summons.

5. By **Monday, December 19, 2022**, Plaintiff must serve the remaining Defendants. By **December 27, 2022**, Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service upon or waivers of service for each Defendant. Failure to provide proof of proper service or waivers for a particular Defendant or failure to show good cause for the failure to effect service within the time allotted will result in the **dismissal** of that Defendant **without further notice**.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of September 2022.

                                              BRIAN J. DAVIS
                                              United States District Judge

Jax-6
c:
Joseph L. D'Alessandro, III